UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| K-SWISS INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JEAIR SHOES INC., a California corporation, DUN HUANG INTERNATIONAL TRADING INC., a California corporation, and JIAN Q. LIU, an individual,<br><br>Defendants. | Case No.: CV-08-8057 JHN (Ex)<br><br>~~STIPULATION FOR~~<br>PROTECTIVE ORDER RE: CONFIDENTIAL MATERIALS |

///
///
///
///
///
///
///
///

In accordance with the stipulation of the parties, and in recognition that the parties hereto, and third parties, may possess confidential, proprietary, commercially sensitive, and trade secret information that may be necessary or desirable to reveal to a party during pretrial discovery, the Court has determined that, as provided under Federal Rule of Civil Procedure 26(c), a protective order of this Court ("Protective Order") is desirable and necessary such information of the parties and potential third parties from disclosure to others who may misuse this information and to the public generally.

In view thereof, it is hereby ORDERED that the following procedures shall govern any information, document, or thing, in any form whatsoever, hereafter produced or disclosed by either of the parties, and any information contained therein or derived therefrom (collectively, the "Discovery Material"):

1. <u>Definitions</u>.

   1.1 <u>Party</u>. "Party" means any of the parties to this action.

   1.2 <u>Counsel</u>. "Counsel" means counsel of record for the Parties (excluding any in-house counsel for either) and includes lawyers who are partners and "of counsel" with a counsel of record, full and part-time attorneys associated with a counsel of record and his/her paralegals, legal assistants, secretaries and other support personnel and to whom it is necessary to disclose Protected Material for the purpose of this action.

   1.3 <u>Discovery Material</u>. "Discovery Material" means any information, document or tangible thing, in hard copy or electronic format, that is produced or disclosed during discovery including interrogatories, requests for production, and requests for admission, subject to a subpoena or subpoena duces tecum, deposition testimony or transcript, exhibit, or declaration or affidavit, including material that is voluntarily produced, and any other similar material, or portions of such material, furnished, directly or indirectly, by or on behalf of any Producing Party (as defined below).

1 ///

2     1.4  "Qualified Expert" means, for purposes of this Protective Order, an independent consultant or expert witness (including partners, associates, and employees of the firm which employs such expert), retained by a Party or its Counsel for purposes of this litigation or any other proceedings between the Parties, and shall include, without limitation, independent accountants, market experts, statisticians, economists, and technical experts.

8     1.5.  "Confidential" Information. A Producing Party (as defined below) may designate as "Confidential", pursuant to the procedures set forth in paragraph 2 below, those materials which that party in good faith believes constitute or contain confidential, proprietary, commercially sensitive, and/or trade secret information, which information is not generally known and which that party would normally not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence.

15     1.6.  "Confidential – Attorneys' Eyes Only" Information: A Producing Party (as defined below) may designate as "Confidential – Attorneys' Eyes Only", pursuant to the procedures set forth in paragraph 2 below, any confidential, proprietary, commercially sensitive, and/or trade secret information which that party in good faith believes is so highly sensitive that the protections afforded by a "Confidential" designation are not sufficient. This designation shall be reserved for information that constitutes, reflects, or concerns particularly sensitive proprietary, technical, financial, marketing, or other business information, trade secrets, or know-how.

24     1.7  Receiving Party: "Receiving Party" means a Party to this action, including, without limitation, all authorized directors, officers, employees, agents, or representatives of the Party, that receive Discovery Material from a Producing Party.

28 ///

1  ///

2  1.8  Producing Party: "Producing Party" means a Party (or third-party, as
3  applicable) that produces or otherwise makes available Discovery Material to a
4  Receiving Party.

5  1.9  Protected Material: "Protected Material" means any Discovery
6  Material that is designated as "Confidential" or "Highly Confidential – Counsel
7  Only" in accordance with paragraph 2 below, and any copies, abstracts,
8  summaries, or information derived from such Discovery Material, and any notes or
9  other records regarding the contents of such Discovery Material.

10  2.  Designation of "Confidential" and "Confidential – Attorneys' Eyes Only"
11      Discovery Material.

12  2.1  Generally. Producing Parties may designate Discovery Material
13  produced or disclosed by such party, or any portion of such material, as
14  "Confidential" Discovery Material or "Confidential – Attorneys' Eyes Only"
15  Discovery Material pursuant to paragraphs 1.5 and 1.6 above. If any Producing
16  Party claims that any Discovery Material produced or disclosed by the Producing
17  Party is "Confidential" or "Confidential – Attorneys' Eyes Only", then the
18  Producing Party claiming confidentiality shall conspicuously mark the face of the
19  document and each page of the document as "Confidential" or "Confidential –
20  Attorneys' Eyes Only", as applicable.

21  2.2  Non-Paper Media. Any Protected Material produced in a non-paper
22  media (e.g., videotape, audiotape) may be designated as "Confidential" or
23  "Confidential – Attorneys' Eyes Only" by labeling the outside of such non-paper
24  media with "Confidential" or "Confidential – Attorneys' Eyes Only", as
25  appropriate. In the event a Receiving Party generates any "hard copy,"
26  transcription, or printout from any such designated non-paper media, such party
27  must immediately stamp each page with the designation, if any, found on the
28  outside of the non-paper media, and the hard copy, transcription or printout shall

be treated accordingly. However, if any Producing Party produces in electronic format electronic documents that contain Protected Material, the Producing Party shall electronically mark each page with the designation "Confidential" or "Confidential – Attorneys' Eyes Only" in accordance with paragraph 2.1 as if the Protected Material were in paper format.

3. <u>Access To Confidential Discovery Material</u>. In accordance with the limitations and procedures set forth below, access to the Confidential Discovery Material shall be limited to the following persons:

 a. Counsel;

 b. any in-house counsel, director or officer of a party or third-party witness but only to the extent deemed necessary by the attorneys for such party for the prosecution or defense of this litigation;

 c. representatives of the insurance companies for the parties;

 d. pursuant to the terms of paragraph 5 and subject to paragraph 11: (i) any deponent to the extent such access is necessary to question the deponent, and to the extent deemed necessary by the Receiving Party's Counsel for the deponent to understand the deposition questions and context; (ii) any deponent who authored or wrote the document or information in issue; (iii) any deponent who is indicated as a recipient of the document or information in issue; or (iv) any former officers or employees or other witnesses being deposed to testify in depositions in this action or as witnesses at trial if such person would otherwise be qualified to receive such designated information or document if still employed by a party;

 e. Qualified Experts;

 f. any other persons upon the written agreement of the Receiving and Producing Parties or their counsel of record, or by stipulation on the record in a court hearing or in a recorded deposition;

 g. employees of attorney services or professional copy services retained by a Counsel for one of the Parties;

1  ///
2       h.   any court reporter or videographer reporting a deposition; and
3       i.   the Court, if filed or lodged pursuant to paragraph 10 of this
4  Protective Order.
5  4.   <u>Access To Confidential – Attorneys' Eyes Only Discovery Material</u>. In
6  accordance with the limitations and procedures set forth below, access to
7  Confidential – Attorneys' Eyes Only Discovery Material shall be limited to the
8  persons identified in paragraphs 3 (a) and 3 (d)-(h) of this Protective Order.
9  5.   <u>Agreement By Persons Accessing Confidential Materials</u>. All persons
10 identified in paragraphs 3(b)-(f) who may be given access to Protected Material
11 shall be required, prior to receiving any such Protected Material, to read this
12 Protective Order and agree, in writing, to be bound by its terms by executing an
13 acknowledgment in the form of Exhibit A annexed hereto. The originals of all
14 such acknowledgments shall be maintained in the files of the Counsel allowing
15 access by such person to the Protected Material.
16 6.   <u>Use of Protected Material</u>. Use of any Protected Material shall be restricted
17 solely to the litigation of this action or other litigation between the Parties (subject
18 to the applicable rules of evidence and subject to the confidentiality of such
19 materials being maintained) and shall not be used by any Party for any business,
20 commercial, or competitive purpose.
21 7.   <u>Exclusions from Protective Order</u>. Notwithstanding the designation as
22 Confidential or Confidential – Attorneys' Eyes Only of any Discovery Material
23 and subject to the procedural requirements herein particularly the provisions of
24 paragraph 8, said Discovery Material shall not, in fact, be confidential nor shall
25 disclosure be limited in accordance with this Protective Order, if the content
26 and/or substance thereof was already in the lawful possession of a party at the time
27 of the disclosure by the other party and was not acquired directly or indirectly
28 from the disclosing party. The party claiming exclusion under this section shall

have the burden of proof of the same.

8. <u>Timing and Challenge to Confidential Designations</u>. Any designation must be in writing or on the record of a deposition or made within twenty-one (21) calendar days after receipt of the "final" transcript (subject only to witness review and not in draft, rough ASCII, or real-time copy). Unless otherwise agreed, all deposition transcripts and exhibits shall be treated as "Confidential – Attorneys' Eyes Only" until the expiration of such twenty-one (21) calendar day period. Except as otherwise provided in this Protective Order, all designations of confidentiality of written or documentary materials must be made at the time of the production or disclosure of such Discovery Material in accordance with the procedures set forth in paragraph 2, above. In the event of any disagreement between a Producing Party and a Receiving Party with respect to a designation made by a Producing Party or assertions made by a Receiving Party that confidentiality has been waived, the Receiving Party must nevertheless abide by the original designation made by the Producing Party until the matter is resolved by agreement of the Producing and Receiving Parties or by order of the Court. The Producing Party claiming that Discovery Material is "Confidential" or "Confidential – Attorneys' Eyes Only" shall have the burden of proof to establish such rights, except that any Receiving Party claiming an exclusion pursuant to paragraph 7 shall bear the burden of proof for such exclusion. A Receiving Party who disagrees with a Producing Party's "Confidential" or "Confidential – Attorneys' Eyes Only" designation, or who asserts that confidentiality has been waived under the terms of paragraph 7, must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

9. <u>Treatment of Confidential Material During Inspection of Documents</u>. Should a party elect to make available certain of its voluminous files kept in the usual course of business for inspection by the Receiving Party, which voluminous

1 files may contain confidential as well as non-confidential material, all such
2 documents made available for such inspection by the Receiving Party (including
3 any summaries thereof made by the Receiving Party) shall be treated as required
4 under this Protective Order as "Confidential – Attorneys' Eyes Only". In the event
5 that a Receiving Party desires to have the "Confidential – Attorneys' Eyes Only"
6 designation removed or changed to "Confidential" for any documents or
7 summaries thereof, the Receiving Party shall comply with the procedures set forth
8 in paragraphs 7 and 8 above. Making documents and things available for
9 inspection shall not, by itself, constitute a waiver by the Producing Party of any
10 claim of confidentiality, or any other right. Nothing in this paragraph shall
11 prevent any Receiving Party from asserting in Court that the documents so
12 designated by the Producing Party should not be subject to such designation under
13 this Protective Order.

14 10.   Manual and Electronic Filing of Confidential Documents with the Court.

15        10.1. ECF Notice of Manual Filing. If a party wishes to file Protected
16 Material in support of a motion or other matter, such material shall not be filed
17 through the ECF system but shall be manually filed. In such an event, the party
18 desiring to file such material shall: 1) by the deadline for filing such document
19 electronically, file a Notice of Manual Filing; 2) substantially contemporaneously
20 with the Notice of Manual Filing make a copy available to other counsel by
21 electronic means such as by email, FTP server, or web server; and 3) manually
22 lodge with the Court the Protected Material along with an application and
23 proposed order to file the documents under seal, within one day of the electronic
24 filing of the Notice of Manual Filing.

25        10.2. Treatment of Confidential Material Lodged with the Court. The
26 Protected Material lodged in accordance with the procedures above shall be
27 deemed timely filed as of the date of electronic filing of the Notice of Manual
28 Filing. If upon review of the lodged materials, the Court believes the material

1 qualifies for filing under seal, it shall order the Protected Material to be filed under
2 seal by the Clerk. Should the Court require substantiation to warrant any filing
3 under seal, the Producing Party claiming the material filed or lodged is Protected
4 Material for which sealing is requested shall serve and file explanations, reasons,
5 or declarations from competent witnesses demonstrating that sealing is warranted
6 under Fed. R. Civ. P. Rule 26(c). In the event that the Court denies a Party's
7 Motion for Sealing with respect to specific Protected Materials of the non-filing
8 Party, such Protected Material shall be filed or lodged, as applicable, without
9 sealing. In the event that the Court denies a Party's Motion for Sealing with
10 respect to specific Protected Material of the filing or lodging Party, such Protected
11 Materials may be withdrawn in the sole discretion of the filing or lodging Party.

      10.3   <u>Manual Lodging with the Court</u>. If portions of documents or other materials deemed Protected Material or any papers containing or making reference to such material are filed or lodged with the Court, they shall be lodged or filed following the procedures and in the manner provided under the applicable local rule for the filing of sealed documents and shall be filed in a sealed envelope or other appropriate sealed container, which shall be endorsed with the caption of this action, an indication of the nature of its contents, the words "Confidential" or "Confidential—Attorneys' Eyes Only", and a statement in substantially the following form:

**CONFIDENTIAL or**

**CONFIDENTIAL—ATTORNEYS' EYES ONLY**

      THIS ENVELOPE CONTAINS
      MATERIALS/PAPERS OF [name of party]
      SUBJECT TO A PROTECTIVE ORDER
      ENTERED BY THE COURT IN THIS
      ACTION ON [date] AND GOVERNING

|    |    |
|----|----|
| 1  | THE USE OF CONFIDENTIAL |
| 2  | DISCOVERY MATERIAL. IN |
| 3  | ACCORDANCE WITH THE |
| 4  | PROTECTIVE ORDER, THIS ENVELOPE |
| 5  | SHALL NOT BE OPENED NOR THE |
| 6  | CONTENTS THEREOF DISPLAYED OR |
| 7  | REVEALED TO ANY PERSON EXCEPT |
| 8  | BY ORDER OF THE COURT OR BY |
| 9  | WRITTEN CONSENT OF [name of party] |
| 10 | OR ITS COUNSEL. |

11  Counsel of record for the parties shall have the right to access the Court's
12 files in this action, including materials which have been designated Protected
13 Material. Counsel of record may provide written authorization to an attorney
14 service to access and copy the entire file in this action, including materials which
15 have been filed under seal. The Clerk is directed and authorized to allow access to
16 such attorney service upon presentation of such written authorization.

17  11.  Use of Protected Material at a Deposition. At the deposition of any party or
18 witness in this action, if the questioning is such that the party or witness
19 determines that an answer to a question or a line of questioning discloses
20 Protected Material or information that could lead to the disclosure of Protected
21 Material, such party or witness may designate that information "Confidential" or
22 "Confidential – Attorneys' Eyes Only" for purposes of the deposition. Portions of
23 the deposition that are so designated shall be conducted so that only those persons
24 duly authorized to have access to such "Confidential" or "Confidential –
25 Attorneys' Eyes Only" Discovery Material are present. In the event that a
26 Producing Party determines that any transcript of a deposition, or any portion
27 thereof, should be permanently designated "Confidential" or "Confidential –
28 Attorneys' Eyes Only", such Producing Party shall make its designations pursuant

1  to the terms of paragraph 8, above. A transcript, or portions thereof, containing
2  Protected Material that is to be filed with the Court shall be filed under seal and
3  marked in the manner described in paragraph 10.
4  12.  <u>Interrogatory Responses, Photocopies & Summaries of Protected Material</u>.
5  Any interrogatory responses or responses to requests for admissions that are
6  designated "Confidential" or "Confidential – Attorneys' Eyes Only" by a
7  Producing Party shall be restricted and protected in the same manner as other
8  Discovery Material designated as other Protected Material produced in this action.
9  Any copy made of such document or abstract, summary or memorandum
10 embodying information designated as "Confidential" or "Confidential –
11 Attorneys' Eyes Only" pursuant to this Protective Order shall also conspicuously
12 bear this legend on its face and on every page containing "Confidential" and/or
13 "Confidential – Attorneys' Eyes Only" Discovery Material.
14 13.  <u>Pleadings and Briefs Containing Protected Material</u>. Protected Material
15 shall not be filed with the Court or included in whole or in part in pleadings,
16 motions, briefs, etc., filed in this action, except when any portion(s) of such
17 pleadings, motions, briefs, etc., have been filed under seal by counsel and marked
18 in the manner as described in paragraph 10 above. Such sealed portion(s) of
19 pleadings, motions, briefs, documents, etc., shall be opened only by the Court or
20 by personnel authorized to do so by the Court or as otherwise provided in
21 paragraph 10.
22 14.  <u>Court Hearing and Other Proceedings</u>. Nothing contained in this Protective
23 Order shall be construed to prejudice any party's right to use before the Court any
24 Protected Material. However, before doing so, to the extent not otherwise
25 authorized to be so used hereunder, the Receiving Party intending to use Protected
26 Material shall so inform the Producing Party, and the Producing Party may apply
27 to the Court for appropriate protection, including clearing the hearing room or
28 courtroom of persons not entitled to receive such Protected Material pursuant to

1  paragraphs 3 and 4.
2  15. <u>Third Parties</u>. If Discovery Material is requested from a third-party and
3  such third-party claims that certain of the Discovery Material requested is
4  confidential or proprietary to such third-party and should be treated as Protected
5  Material, such third-party may, if it desires, adopt the benefits and burdens of this
6  Protective Order as it applies to the Parties in this action
7  16. <u>Client Counseling</u>. Nothing contained in this Protective order shall bar or
8  otherwise restrict the right of any Counsel from advising their clients with respect
9  to this action or from doing anything necessary to prosecute or defend this action
10 or further the interests of their clients, provided that absent a stipulation or Order
11 of this Court no attorney may disclose any Protected Material in violation of this
12 Protective Order.
13 17. <u>"Admissibility" of Confidential Material</u>. This Protective Order shall not
14 constitute a waiver of any Party's or third-party's right to object to the admissibility
15 into evidence of any Discovery Material as provided under federal law. Nothing
16 in this Protective Order shall prejudice any Party or third-party from seeking
17 amendments to it broadening or restricting the rights of access to and use of
18 "Confidential" or "Confidential – Attorney's Eyes Only" Discovery Material, or
19 other modifications (including the possibility of more restrictive protection for
20 certain very highly sensitive confidential information), subject to order of the
21 Court. Nothing in this Protective Order shall abridge the rights of any Party or
22 third-party to seek judicial review or to pursue other appropriate judicial action
23 with respect to any ruling made by the Court concerning the issues of status of
24 Protected Material.
25 18. <u>Inadvertent Production and/or Failure to Designate</u>. In the event that a
26 Producing Party inadvertently produces a document that otherwise is not
27 discoverable for reasons of the attorney-client privilege or work product
28 immunity, or both, such inadvertent production shall not constitute any waiver of

1  attorney-client privilege or work product immunity, and the Receiving Party shall,
2  on demand by the Producing Party, promptly return all copies of such
3  inadvertently produced documents. In no event shall delivery of confidential, un-
4  designated documents constitute waiver where such delivery resulted from
5  inadvertence on the part of the Producing Party and such inadvertent delivery is
6  thereafter promptly brought to the attention of the Receiving Party after discovery
7  by the Producing Party. Upon such notice and in return for copies of said
8  documents containing the appropriate confidentiality designation, the Receiving
9  Party shall return the undesignated documents and things and not retain copies
10 thereof, and shall thereafter treat information contained in said documents and any
11 summaries or notes thereof as confidential to the level designated by the
12 Producing Party. Any disclosure by the Receiving Party to persons not authorized
13 to receive such Protected Material prior to Receiving Party's receipt of notice of a
14 failure to designate shall not be deemed a violation of this Protective Order;
15 provided, however, that upon notice of its protected status, the Receiving Party
16 shall immediately mark such Protected Material in its possession with the
17 appropriate legend and, shall immediately undertake the requirements in this
18 Protective Order which relate to retrieval of Protected Material from unauthorized
19 persons.
20      Nothing in this paragraph shall prevent any Receiving Party from asserting
21 in Court that the production was not inadvertent, that confidentiality has been
22 waived, or that the Producing Party otherwise waived the attorney-client privilege
23 or work product immunity allegedly protecting the disclosed information from
24 discovery.
25 19.  <u>All Objections Preserved</u>. This Protective Order is intended to provide a
26 mechanism for handling the disclosure or production of confidential information
27 during pretrial discovery in this action to which there is no other objection other
28 than confidentiality. This Protective Order is not intended to and shall not

prejudice the right of a party to: (a) object to a request for discovery on any ground, (b) seek additional protective treatment for any such information, (c) object to the designation of any document or information as "Confidential" or "Confidential – Attorneys' Eyes Only", or (d) seek any modification of or relief from any provision of this Protective Order, either generally or as to any particular Discovery Material, by properly noticed motion with notice to all parties and their respective counsel. The Producing Party shall have the burden of establishing that the information should be deemed Protected Material.

20. <u>Meet and Confer</u>. Prior to filing any motion or application before the Court to enforce this Protective Order or to challenge the designation of confidential information, the moving party shall notify the responding party in writing and meet and confer in good faith in an attempt to resolve their dispute(s).

21. <u>Injunctive Relief</u>. In the event anyone violates or threatens to violate any of the terms of this Protective Order, the parties agree that the aggrieved party may, subject to the "meet and confer" requirement set forth above, apply to the Court to obtain injunctive relief against any such person or party violating or threatening to violate any of the terms of this Protective Order. In the event the aggrieved party brings such motion or application, the responding person or party subject to the provisions of this Protective Order shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law. The parties and any other third parties subject to the terms of this Protective Order agree that the Court shall retain jurisdiction over it and them for the purpose of enforcing the Protective Order. The parties shall not use or reveal, directly or indirectly, any information in violation of this Protective Order. Because of the confidential and proprietary nature of the information contemplated to be covered by this Protective Order, the parties' legal remedies may be inadequate. Therefore, the parties stipulate that injunctive relief is an appropriate remedy to prevent any person or party from using or disclosing confidential information in violation of

1  this Protective Order. The parties waive and release any and all requirements for a
2  bond or undertaking to support any injunctive relief for enforcement of this
3  Protective Order.
4  22.   Attorneys' Fees and Costs. The prevailing party on any action brought to
5  enjoin a violation of this Protective Order or to recover damages as a result of a
6  violation of this Protective Order, which is not resolved after a good faith meeting
7  and conference between the parties, shall be entitled to recover all costs and
8  expenses related to a willful violation, including the recovery of reasonable
9  attorneys' fees.
10 23.   Return of Confidential Material. Upon the request of the Producing Party,
11 within sixty (60) days after the entry of a final judgment no longer subject to
12 appeal on the merits of this action, or the execution of any agreement between the
13 parties to resolve amicably and settle this action, the Receiving Parties and any
14 person authorized by this Protective Order to receive Protected Material shall
15 return to every other Producing Party, or destroy, all information and documents
16 subject to this Protective Order, any copies thereof, and any other writing
17 containing or referring to any confidential information. Returned material shall be
18 delivered in sealed envelopes marked "Confidential" to the Producing Parties'
19 respective counsel. However, counsel of record shall be entitled to retain a copy
20 of such material in order to preserve a "litigation file" in this action which shall
21 include, without limitation, all pleadings, motion papers, declarations, exhibits,
22 legal memoranda, correspondence, work product, electronic files, and produced
23 documents. Protected Material in such litigation file shall be disclosed only in
24 accordance with the terms of this Protective Order. All third-parties and at least
25 one attorney from each outside law firm for each party who received any Protected
26 Material in the course of this proceeding shall, upon request, provide a declaration
27 under penalty of perjury stating that all such materials (except outside counsel's
28 litigation file) in their possession, custody or control have been destroyed or

1  returned to trial counsel for the Producing Party.

2  24. **Inadvertent Disclosure of Confidential Information**. The inadvertent failure to designate Discovery Material as "Confidential" or "Confidential – Attorneys' Eyes Only", prior to or at the time of disclosure shall not operate as a waiver of the producing party's right to later designate said Discovery Material as "Confidential" or "Confidential – Attorneys' Eyes Only". No liability shall arise on the part of the Receiving Party or its Counsel for disclosure of such allegedly 'Confidential" or "Confidential – Attorneys' Eyes Only' Discovery Material during the time period that said Receiving Party or its Counsel did not know that a claim of confidentiality would be made by the Producing Party.

25. **Disclosure to Unauthorized Persons**. If information subject to this Protective Order is disclosed to any unauthorized person either through inadvertence, mistake, without authorization by the designating party, or other than in the manner authorized by this Protective Order, the person responsible for the disclosure shall immediately (a) inform the Producing Party of all pertinent facts relating to such disclosure including, without limitation, the name, address, and telephone number of the recipient and his or her employer; (b) use his best efforts to retrieve the disclosed information and all copies thereof; (c) advise the recipient of the improperly disclosed information, in writing, of the terms of this Protective Order; (d) make his or her best efforts to require the recipient to execute an agreement to be bound by the terms of this Protective Order in the form of the acknowledgment attached hereto as Exhibit A; and (e) take all other reasonable steps to prevent further disclosure by or to the unauthorized person who received the protected information. Sanctions for inadvertent or intentional disclosure of Protected Material shall be decided by the Court, after opportunity for briefing and argument by the affected parties.

26. **Amendment of Protective Order**. This Protective Order may be amended without leave of Court by the written agreement of counsel for the

parties to this agreement and any pertinent third-parties in the form of a stipulation that shall be filed in this action; provided, that any such stipulated amendment does not impose any additional burdens on the Court.

27. <u>Scope of Enforcement</u>. This Protective Order is intended to regulate the handling of confidential information and documents during pretrial discovery up to the date of the final pretrial conference, and shall remain in full force and effect until modified, superseded or terminated on the record by agreement of the Parties to this action and any pertinent third-party witness or by Order of the Court. The handling and protection of confidential information during preparation of Party's witnesses in the thirty (30) days prior to trial and for all purposes during trial shall be governed by a separate and further Protective Order of the Court. The Parties anticipate that upon identification of those documents and information to be used at trial, each Party's requirements for specific protection and/or access to confidential information used at trial may differ significantly from their respective requirements during pretrial discovery. In view of the foregoing, no presumption shall be made that the terms of this Protective Order are applicable to the time commencing at the date of the pretrial conference and through trial, and the parties shall meet and confer sufficiently prior to trial to discuss the terms of a new protective order of this Court.

28. <u>Jurisdiction For Enforcement</u>. The Court shall retain jurisdiction over the enforcement of the terms of the Protective Order against the Receiving and Producing Parties, all other persons to whom Protected Material has been disclosed including third-parties to who have, pursuant to paragraph 15, sought to adopt the benefits and burdens of this Protective Order and have executed the acknowledgment attached hereto as Exhibit A. The terms of this Protective Order shall survive the conclusion of this action, unless amended or superseded by an Order of the Court, and the Court shall retain jurisdiction of this action, the Receiving and Producing Parties, their attorneys, and all other persons to whom

1 | Protected Material has been disclosed after its conclusion for the purpose of
2 | enforcing the terms of this Protective Order or redressing any violation thereof.
3 | Should this action be transferred to another district, that Court shall be the venue
4 | where this Protective Order shall be enforced.

5 | 29.  <u>Clerk Authorized to Show This Order</u>. The Clerk is authorized to show a
6 | copy of this Protective Order to anyone desiring access to any of the papers of this
7 | suit and is ordered to deny access to all papers filed with the Court pursuant to
8 | paragraph 10 of this Protective Order.

**IT IS SO ORDERED.**

Date: 5/3, 2010

The Honorable Charles F. Eick
United States Magistrate Juge

Submitted by:
NEIL D. GREENSTEIN (SBN 123980)
TECHMARK
1917 Palomar Oaks Way, Suite 300
Carlsbad, CA 92008
Telephone (858) 704-0515, X303
Facsimile:  (408) 280-2250
Email: ndg@techmark.com

Attorneys for Plaintiff
K-SWISS INC.

- 18 -

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT CONCERNING CONFIDENTIAL INFORMATION

I, the undersigned, _____, hereby acknowledge that I have read the attached ORDER FOR PROTECTIVE ORDER RE: CONFIDENTIAL MATERIALS ("Protective Order") in the United States District Court for the Central District of California, in the action entitled K-Swiss Inc. v. JEAIR SHOES INC, et al, Civil Action No. 08-CV-08057 JHN (Ex) (the "Action") and I understand the terms thereof and agree to be bound thereby.

I further acknowledge that I understand that Discovery Material produced in this Action (i.e., documents, testimony, written discovery responses, and other information provided in the course of pretrial discovery and any information contained therein or derived therefrom) and designated "Confidential" or "Confidential – Attorneys' Eyes Only" may not be disclosed to anyone, except as authorized by the Protective Order, and may not be used for any purpose other than the purposes of this Action.

I understand that violation of the Protective Order can result in civil liability and/or a finding of contempt of court. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California, or such other federal district court where this case may be transferred, for the resolution of any disputes concerning information received in the Action.

DATED:_____        _____
                              [Signature of individual]

                              _____
                              [printed name of individual]